DECISION OF DISMISSAL
This matter is before the court on Defendant Department of Revenue's (department) request to be dismissed as a named defendant, and Defendant Clackamas County Assessor's (assessor) request[1] that the court dismiss Plaintiffs' appeal as untimely. The matter was heard by the court on July 29, 2008; Plaintiffs appearing pro se, the assessor appearing through Matt Healy, and the department appearing through Gregg Thummel.
The court granted the department's request to be dismissed as a named defendant at the July 29, 2008, proceeding, because Plaintiffs are appealing a value determination of the assessor and are not aggrieved by any action of the department. For the reasons set forth below, Plaintiffs' appeal is dismissed.
 I. STATEMENT OF FACTS
Plaintiffs are appealing the value of their home in Happy Valley, Oregon, identified in the assessor's records as Account 05013259. The tax year at issue is 2007-08. Plaintiffs did not file a timely appeal with the board. In their Complaint to the Tax Court, filed April 24, 2008, Plaintiffs request that the court "[r]eevaluate the property tax to current *Page 2 
(uptodate) market value reimburse difference." Plaintiffs explained at the July 29, 2008, court proceeding that they believe the value of their property has declined dramatically and that they could not sell "today" for the $768,721 real market value (RMV) on the assessment and tax rolls. According to Plaintiffs, they purchased the land for $210,000, and paid a builder another $525,000 to construct the home, which was substantially complete in 2006.
When questioned by the court, Plaintiffs stated that they believed their property was probably worth approximately $690,000 in January 2007, which is the month used to estimate value for the 2007-08 tax year. ORS 308.210 and ORS 308.007.[2] Plaintiffs explained that they did not appeal to the board because of a general lack of knowledge, stating that they "did not pay attention." Plaintiffs insist that there has been a significant reduction in RMV, and that a realtor advised them in April 2008 that their home was worth $630,000 at that time. Because of the alleged declining market, Plaintiffs believe their home was worth more on January 1, 2007 ($690,000).
 II. ANALYSIS
Plaintiffs did not appeal to the board as authorized under ORS 309.026
(2005), before the December 31, 2007, deadline provided in ORS309.100(2) (2005). A value appeal to the Tax Court is from an order of the board. ORS 309.110(7) (providing for an appeal from a board order to the magistrate division of the Oregon Tax Court); ORS 305.275(3) (providing that an appeal to the magistrate division under ORS 305.275
"is from an order of the board as a result of the appeal filed under ORS309.100 * * * .").
There is limited statutory authority for the court to order a reduction in the value of *Page 3 
a separate assessment of property where the taxpayer does not properly pursue the statutory right of appeal set forth above, provided one of two requirements set forth in ORS 305.288 is satisfied. The first is where a taxpayer asserts, and the court determines, "that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." ORS 305.288(1)(b). Plaintiffs in this case have not asserted a 20 percent error in the RMV of their property. The RMV on the tax rolls as of January 1, 2007, is $768,721, and Plaintiffs assert that the value should be approximately $690,000. The indicated error in value is approximately 10 percent, or roughly one-half of the statutory threshold.
The second situation in which the Tax Court can order a reduction in value is where the taxpayer has "good and sufficient cause" for not petitioning the board before coming to the Tax Court. Good and sufficient cause is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). Plaintiffs candidly admitted that they lacked knowledge of the appeal process and simply did not pay attention to information they may have received about the appeal process from the tax collector with their tax statement. ORS 305.288(5)(b)(B) provides that good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." Accordingly, Plaintiffs do not satisfy the good and sufficient cause standard.
 III. CONCLUSION
The court concludes that Plaintiffs' appeal should be dismissed because they did not appeal to the board before appealing to the Tax Court, have not alleged a 20 percent error in the RMV of their property, and do not have good and sufficient cause for not petitioning *Page 4 
the board. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant Department of Revenue is dismissed as a named defendant; and
IT IS FURTHER DECIDED that Plaintiffs' appeal is dismissed for the reasons set forth above.
Dated this ____ day of August 2008.
[1] The assessor's request is implied from its Answer, in which it asserts that Plaintiffs did not timely appeal to the county board of property tax appeals (board), nor provide any information in the Complaint that would satisfy the conditions of ORS 305.288.
[2] Except where noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1